IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE HINES | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4561 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                   August 8, 2007

        Upon consideration of the brief in support of review filed by plaintiff[2] and defendant's response thereto (Doc. Nos. 8 & 9), the court makes the following findings and conclusions:

        1.      On November 17, 2004, Michelle Hines ("Hines") filed for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of October 20, 2004. (Tr. 41-43). Throughout the administrative process, including an administrative hearing held on November 10, 2005 before an administrative law judge ("ALJ"), Hines' claims were denied. (Tr. 7-9; 14-22; 27-32; 242-273). Pursuant to 42 U.S.C. § 405(g), Hines filed her complaint in this court on October 16, 2006.

        2.      In her decision, the ALJ found that Hines had medically determinable impairments of hepatitis C and depression but concluded that these impairments were not severe. (Tr. 19, Finding 3; 20 Finding 4; 19 ¶ 7 - 22 ¶ 2).[3] The ALJ further concluded that Hines' impairments did not meet listing 12.04 and that she was not disabled. (Tr. 21 ¶ 4; 22 Finding 5).

        3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] Although erroneously filed as a "motion for summary judgment or, in the alternative, for remand", I will consider Hines' submission to be a brief in support of review pursuant to the procedural order entered in this case. (Doc. No. 5).

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.     Substantial evidence does not support the ALJ's conclusion that Hines' depression is not severe. In order to be severe, an impairment need only cause a slight abnormality that has no more than minimal effect on ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921; S.S.R. 96-3p, 85-28. The Third Circuit Court of Appeals has held that the step two severity inquiry is a "*de minimus* screening device to dispose of groundless claims." McCrea v. Comm. of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004); Newell v. Comm. of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). "Any doubt as to whether this showing has been made is to be resolved in favor of the applicant." Id. Indeed, "the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny." Id. Here, all evidence in the record supports a finding that Hines' depression is severe. Although the mental health records are scant, two of the three mental health assessments provide that Hines has marked limitations in certain categories of basic work activities. (Tr. 123-128; 129-135). Even the third assessment, in which the doctor found that Hines could work despite her mental limitations, provides moderate limitations in certain basic work activities, which demonstrates more than a minimum effect on those abilities. (Tr. 140-156). The ALJ summarily concludes that "Thus, [Hines'] impairments did not last for a continuous period of at least 12 months", but the underlying reasoning for this statement is not apparent from the record. (Tr. 22 ¶ 2). In fact, the record records a fairly lengthy history of depression. (Tr. 114-121, 130, 132, 137). As a result, the ALJ's step two determination is not founded on substantial evidence.[4]

       5.     Although due to the ALJ's error this case must be remanded, I hesitate, for based on the record, I find it highly unlikely that Hines' impairments are severe enough to preclude all work. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (stating that "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"). Moreover, it is apparent from the record that Hines has not engaged in significant counseling and has refused psychoactive medication, which could effect the strength of her case. (Tr. 20 ¶ 1; 126-127; 132); 20 C.F.R. § 416.930(b) (providing that "If you do not follow the prescribed

---

[4] Hines' other argument, that the ALJ had a duty to schedule the testimony of a medical examiner to evaluate whether her impairments met or equaled a listing is meritless and, in any event, moot. Thus, it will not be discussed.

treatment without a good reason, we will not find you disabled"); Jesurum v. Sec. of U.S. Dept. of Health & Human Servs., 48 F.3d 114, 119 (3d Cir. 1995) (finding that a patient's failure consistently to use prescribed medication may undermine the patient's claims).  However, the lack of mental health records makes this case somewhat difficult to assess, and regardless, it is not my duty to make the disability decision, as that is a decision is reserved solely for the Commissioner.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).  My role is limited to determining whether the decision of the ALJ is legally sufficient and supported by substantial evidence. Jesurum, 48 F.3d at 117.

      6.     Therefore, the case must be remanded in order for the ALJ to supplement her findings in a manner consistent with this opinion.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE HINES | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4561 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 8th day of August, 2007, upon consideration of the brief in support of review filed by plaintiff and defendant's response thereto (Doc. Nos. 8 & 9) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

                                                              S/ Lowell A. Reed, Jr.
                                                              LOWELL A. REED, JR., Sr. J.